GEORGE W. MACOMBER *vs.* HOWARD FIRE INSURANCE COMPANY.

Under a policy of insurance against fire on a stock in trade, described in the application (which is made a part of the policy) as consisting of "dry goods, groceries, hardware, crockery, glass and wooden ware, Britannia and tin ware, stoves of various kinds, and various other wares and merchandise," which provides that a use of the premises for the purpose of keeping or storing any of the articles denominated hazardous in the conditions annexed to the policy, " which are to be used and resorted to in order to explain the rights and obligations of the parties hereto, in all cases not herein otherwise specially provided for," shall avoid the policy, unless otherwise specially provided for, and in which conditions "groceries with any hazardous articles," "rags" and several of the articles mentioned in the application are enumerated as hazardous, is avoided by the keeping of rags as part of the stock; although it is usual for shopkeepers, having a general stock of goods like that insured, to keep rags in the same manner.

ACTION OF CONTRACT on a policy of insurance, issued by a stock company, upon the plaintiff's stock in trade, fixtures, furniture and tools, contained in a certain wooden building, and described in the application, which was made a part of the policy and warranty on the part of the assured. That application contained, in answer to a request to " state the character and kind of property

22*

to be insured," the following statement: " Dry goods, groceries, hardware, crockery, glass and wooden ware, Britannia and tin ware, stoves of various kinds, and various other wares and merchandise."

By the policy, " it is agreed and declared to be the true intent and meaning of the parties hereto, that in case the above mentioned premises shall, at any time after the making and during the continuance of this insurance, be appropriated, applied or used to or for the purpose of carrying on or exercising therein any trade, business or vocation, denominated hazardous or extrahazardous, or specified in the memorandum of special rates, in the terms and conditions annexed to this policy, or for the purpose of keeping or storing therein any of the articles, goods or merchandise, in the same terms and conditions denominated hazardous or extrahazardous, or included in the memorandum of special rates, unless herein otherwise specially provided for, or hereafter agreed by this company in writing, and added to or indorsed upon this policy, then and from thenceforth, so long as the same shall be so appropriated, applied, used or occupied, these presents shall cease, and be of no force or effect ; and it is moreover declared, that this policy is made and accepted in reference to the conditions hereto annexed, which are to be used and resorted to in order to explain the rights and obligations of the parties hereto, in all cases not herein otherwise specially provided for."

Annexed to the policy were four " classes of hazards," denominated, respectively, " not hazardous," " hazardous," " extrahazardous," and " memorandum of special hazards, upon which special rates of premium will be charged," the two first of which were these : " Goods not hazardous are to be insured at the rate of the building in which they are contained, and are such as are usually kept in dry goods stores ; including coffee, flour, linen, indigo, potash, rice, spices, sugars, teas, threshed grain, and other articles not combustible." " The following trades and occupations, goods, wares and merchandise are denominated hazardous and are to be charged ten cents per $100 in addition to the rate of the building in which they are contained, namely, basket

sellers, cotton in bales, coppersmiths, china, earthen or glass ware, or plate glass in packages, boxes or casks, groceries with any hazardous articles, hardware, wooden ware, rags," and many others.

Among the "conditions of insurance," also annexed to the policy, were the following: "In relation to the insurance of goods and merchandise, the application must state whether or not they are of the description denominated hazardous, extra-hazardous, or included in the memorandum of special rates." "If, after insurance is effected upon any building or goods in this office, either by the original policy or by the renewal thereof, the risk shall be increased by any means whatsoever within the control of the assured, or if such buildings or premises shall, with the assent of the assured, be occupied in any way so as to render the risk more hazardous than at the time of insuring, such insurance shall be void and of no effect."

At the trial, the facts necessary to make out a *prima facie* case for the plaintiff were proved or admitted. One ground of defence relied on was that a part of the plaintiff's stock consisted of rags, which was admitted to be the fact. But it was proved " that it is usual for country stores, having a general stock of goods like the plaintiffs, to keep and dispose of rags in the same manner that the plaintiff did." *Dewey,* J. reserved for the consideration of the full court the question whether, upon these facts, the defence could be maintained.

*T. D. Eliot,* for the plaintiff, cited *Houghton* v. *Manufacturers' Mutual Fire Ins. Co.* 8 Met. 120; *Boardman* v. *Merrimack Mutual Fire Ins. Co.* 8 Cush. 584; *Loud* v. *Citizens' Mutual Fire Ins. Co.* 2 Gray, 221; *New York Equitable Ins. Co.* v. *Langdon,* 6 Wend. 623; *Dobson* v. *Sotheby,* Mood. & Malk. 90; *Shaw* v. *Robberds,* 6 Ad. & El. 75.

*J. H. Clifford & L. F. Brigham,* for the defendants.

BIGELOW, J.   The provisions in the policy declared on, and the conditions of insurance to which the agreements of the parties therein refer, are the same as those which passed under the consideration of the court in *Lee* v. *Howard Fire Ins. Co.* 3 Gray, 583.   The principles there laid down are decisive of this

case. It appears by the evidence that, among the articles stored in the building in which the property insured was kept, a quantity of rags was included. These, being enumerated as a " hazardous " article in the conditions of insurance, could not be kept on the premises, without a direct violation of the express terms of the policy, except by the consent in writing of the defendants ; and if so kept, without such consent, the policy was thereby rendered void. Rags, though specially enumerated as a hazardous article in the conditions of insurance, are not mentioned in the application for insurance, although other hazardous articles are there specified. It is not sufficient that the term groceries was used in the application ; nor that it is usual to keep rags in a country store. If the description in the application had contained the words, " groceries with any hazardous articles," it might have been sufficient; because it would then have given the insurers notice that articles deemed hazardous were to be kept, in addition to those ordinarily comprehended within the meaning of the word groceries. Upon the application as it stands, the defendants had a right to suppose that nothing besides groceries, and the articles specially named in the application, was to be kept or stored in the premises. The plaintiff had no right, under his policy, to accumulate articles of the same class of hazards on his premises, not named in the application, without the consent of the defendants. *Lee* v. *Howard Fire Ins. Co.* 3 Gray, 592.

The effect of the evidence to prove a usage to keep rags in a country store was to control the written agreement of the parties, by which it appears that rags were not included in any generic term or description, but were to be specially named, if intended to be included in the policy. The evidence was therefore incompetent. *Plaintiff nonsuit.*